Mr. Justice Nott
delivered the opinion of the court:
Although it is the misfortune of the subject of this action to have a very unnatural parent; one who appears to have very little regard to her education or morals, yet if she is entitled to an action at all, the form must be the same as in other cases of a similar nature. Judge Reive, in his Treaties on Domestic Relations, asks the question, “ can a father have an action of trespass vi et armis, for taking away his child?” In England, he says, it has long been settled that he may have an action of trespass id et armis, for taking away the heir ; but that he has not found any case of an action for taking away by force a younger child. Yet he says, upon the principles of tjip *229 common law, it is clear tba't in these states, an action will lie for taking away any child, for that all are heirs. But that he sees no reason why, in England, the father may not maintain his action against the person who takes away any child; for that he is bound to perform certain duties towards his children which he cannot perform if they be taken from him ; and to enable him to perform these duties he is entitled to the custody of his.children, and if this right should be violated by force, he has no hesitation in saying he can maintain this action : And I recollect an early decision of this court where it was held that a parent had such an interest in the support, education and general welfare of his child, that he could maintain an action in this form against any person who should deprive him of it. Indeed, it appears to be the most appropriate action. It is an immediate injury to the parent. The child is not able to consent, and the law therefore implies force as the taking is unlawful.
Herndon, for the motion.
Thompson, contra.
The second ground would probably have availed the defendant, if the fact on which he relies had been established. But none of the witnesses had known this wo-, man for many years. They know nothing of the illegitimacy of her child, except from neighborhood report. And it was also reported that she had been married.- On conflicting evidence of that sort, I think it was the most charitable, as well as most consistent with the principles of law, to presume- in favor of legitimacy. A person ought not to be bastardized by mere rumour which may be unsupported by any foundation. I think the verdict of the jury on this point was consistent with the law and the evidence, and ought to be conclusive of the fact.
The motion therefore is refused.
Justices Johnson, Huger, Gantt, Richardson and Oolcoch, concurred.